**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1584-17T3

DWAYNE WRIGHT,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted November 1, 2018 – Decided January 24, 2019

Before Judges Whipple and DeAlmeida.

On appeal from the New Jersey State Parole Board.

Dwayne Wright, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

Dwayne Wright, an inmate serving a life sentence with a thirty-year term of parole ineligibility, appeals from a September 20, 2017 final agency decision denying parole and imposing a sixty-month future eligibility term (FET). We affirm.

On April 18, 1986, Wright was convicted after a jury found him guilty of murder, N.J.S.A. 2C:11-3(a)(1), aggravated assault, N.J.S.A. 2C:12-1(b)(4), possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) and unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), in connection with a murder for hire in Willingboro.[1] Wright previously sought parole on August 14, 2014, but was denied parole and given a three-year FET. He became eligible for parole on September 28, 2016. A hearing officer reviewed Wright's case and on June 16, 2016, a New Jersey State Parole Board (Board) panel referred the matter to the full Board for a hearing. On August 31, 2016, the full Board denied parole and referred the case for the imposition of an FET that Wright argues exceeded administrative guidelines.

---

[1] Wright's original judgment of conviction reflects a May 29, 1986 sentence imposed by Judge Cornelius P. Sullivan. Judge Sullivan entered a corrected judgment on April 22, 1994, to set aside the fourth-degree aggravated assault convictions. The sentence imposed did not change; however, the corrected judgment inaccurately indicates adjudication was by guilty plea. Wright raises this discrepancy as the basis of request for a remand. We are not persuaded it is relevant to any analysis given by the Board in its determination.

The Board denied parole for the following reasons: the serious nature of Wright's offense; the escalation of his criminal record; his incarceration for multiple offenses; commission of a new offense while on community supervision; prior opportunities for community supervision did not deter criminal behavior; and Wright's institutional infractions and demonstrated insufficient problem resolution.

The Board noted Wright "cannot articulate any understanding as to why he chose to commit a violent crime at the behest of another." In reaching this conclusion, the Board considered Wright's complete administrative record including a confidential mental health evaluation and determined Wright lacks insight into his criminal behavior and minimizes his conduct. The Board also carefully considered and credited positive aspects of Wright's institutional record, favorable efforts at participation in institutional programs and his risk assessment score, which denoted a low risk of recidivism. Wright administratively appealed the full Board's decision on June 23, 2017. On September 20, 2017, the full Board issued a final agency decision denying parole and imposing a sixty-month FET. This appeal followed.

On appeal, Wright argues the decision of the Board to deny parole and impose a sixty-month FET is arbitrary and capricious and should be reversed

3

because the decision was based on one institutional infraction: a \*202 prohibited act for possession of a rolled up newspaper, which constituted possession of a weapon. In his reply brief, Wright argues the Board's decision was based on incorrect sentencing information requiring a remand. We disagree.

The scope of our review of final decisions of administrative agencies is limited. Decisions of the Board, like those of other administrative agencies, are not reversed unless they are "arbitrary, capricious or unreasonable or [are] not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

Pursuant to N.J.S.A. 30:4-123.53(a), the Board should generally grant parole requests for release on an inmate's parole date unless there is a "reasonable expectation that the inmate will violate conditions of parole" and such an expectation is demonstrable "by a preponderance of the evidence." In determining that Wright was ineligible for parole, the Board considered several factors, including mitigating and aggravating factors. The Board noted that appellant's criminal history was extreme, and that his past experiences with the parole and probation systems did not deter him from other, more violent criminal behaviors.

The Board considered all of the mitigating factors raised, but found they were outweighed by the aggravating nature of the totality of the circumstances. The Board's discretionary assessment is supported by substantial credible evidence in the record as a whole.

We reject Wright's argument that the imposition of a sixty-month FET was arbitrary and capricious. The Board's establishment of a sixty-month FET is permissible pursuant to N.J.A.C. 10A:71-3.21. Under N.J.A.C. 10A:71-3.21(a), a standard FET for someone convicted of murder is twenty-seven months. If, however, the inmate in question has not made "satisfactory progress in reducing the likelihood of future criminal behavior," the Board is entitled to impose a lengthier FET. N.J.A.C. 10A:71-3.21(d).

The Board's decision to impose a lengthier FET pursuant to N.J.A.C. 10A:71-3.21(d) was not arbitrary, capricious or unreasonable. The Board considered the aggregate of all pertinent factors including those set forth in N.J.A.C. 10A:71-3.11(b). The Board found Wright has not developed enough insight to understand why he committed his crimes and how to prevent himself from doing so in the future. These findings are all supported by sufficient, credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1584-17T3